# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANUEL WINN,

    Plaintiff,

vs.

JAMES G. COX, et al.,

    Defendants.

Case No. 3:14-cv-00025-RCJ-VPC

**ORDER**

    Plaintiff, who is a prisoner in custody at the Ely State Prison, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court will defer ruling upon the application. The court has reviewed the complaint, and plaintiff will need to submit an amended complaint.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

    Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands

1
2
3     more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .

4
5
6
7     [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

8   Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations omitted).

9   The defendants in this action are all people. Plaintiff has sued them in their individual
10  capacities and in their official capacities.

11
12
13    Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent."

14  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (internal citations omitted).

15  The complaint has three counts, and all of them have the same defect regarding defendants
16  Cox and Baker. Defendant Cox is the Director of the Nevada Department of Corrections, and
17  defendant Baker is the Warden of the Ely State Prison. They occupy supervisory positions. "A
18  supervisor may be liable if there exists either (1) his or her personal involvement in the
19  constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful
20  conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).
21  In all three counts, plaintiff has not alleged any facts showing personal involvement or a causal
22  connection between the events alleged and defendants Cox and Baker. In the amended complaint,
23  plaintiff will need to allege such facts, in addition to correcting the defects noted below.
24  Counts 1 and 3 involve plaintiff's Muslim beliefs. In count 1, plaintiff alleges that
25  defendants Cox and Baker are keeping him from attending Friday prayers in the prison's chapel. In
26  count 3, plaintiff alleges that defendants Cox, Baker, Silverstein, and Mallinger subject him to body
27
28

cavity searches after his ritual purification and before attending Friday prayers.[1]  Plaintiff claims that these defendants have violated the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq., and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb et seq.  Plaintiff's allegations regarding the First Amendment and RLUIPA are plausible.  He will need to re-allege them in the amended complaint.  On the other hand, RFRA is not enforceable against states.  City of Boerne v. Flores, 521 U.S. 507 (1997).  Plaintiff will need to omit references to RFRA in his amended complaint.

Plaintiff seeks both monetary damages and injunctive relief for counts 1 and 3.  Plaintiff may recover monetary damages for First Amendment violations by defendants in their individual capacities.  Plaintiff may not recover monetary damages for First Amendment violations by defendants in their official capacities, because neither the State of Nevada nor the Nevada Department of Corrections are people within the meaning of 42 U.S.C. § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Plaintiff still may receive injunctive relief against the defendants in their official capacities for violations of the First Amendment.  Ex parte Young, 209 U.S. 123, 159-60 (1908).  Monetary damages are not available for violations of RLUIPA.  Sossamon v. Texas, 131 S. Ct. 1651, 1663 (2011) (official-capacity claims); Wood v. Yordy, ___ F.3d ___, 2014 WL 2462575 (9th Cir. 2014) (individual-capacity claims).

In count 2, plaintiff alleges that defendants Cox, Baker, and Kerner are deliberately indifferent to his health because they do not provide him with insulated underwear, in violation of the Eighth Amendment.  Ely State Prison is in a location that can have temperatures below freezing during the winter.  However, the Eighth Amendment requires that cells have adequate heating.  Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  Also, the Eighth Amendment requires only that adequate clothing be provided to petitioner, but it does not require specific items of clothing.  Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994).

---

[1] Counts 1 and 3 are not contradictory.  Plaintiff alleges that he has been denied attendance at Friday prayers from May 9, 2012, to October 1, 2012, and from August 16, 2013, to the date of filing of the complaint.  Plaintiff alleges that he has been subject to body cavity searches from November 9, 2012, through August 16, 2013, when apparently he was able to attend Friday prayers.

If prison officials heated plaintiff's cell and provided clothing that would keep plaintiff from freezing while he was outside, then they satisfied the constitutional requirements. To proceed with count 2, plaintiff would need to allege not that defendants Cox, Baker, and Kerner refused to provide him with insulated underwear, but that defendants Cox, Baker, and Kerner refused to provide him with any warm clothing.

IT IS THEREFORE ORDERED that a ruling on the application to proceed <u>in forma pauperis</u> is **DEFERRED**.

IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

IT IS FURTHER ORDERED that the clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of the claims that the court has found to be defective.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:14-cv-00025-RCJ-VPC, above the word "AMENDED."

Dated: July 7, 2014

_____
ROBERT C. JONES
United States District Judge